# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ELIZABETH F.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-395**    (Fam. Ct. Marshall Cnty. No. FC-25-2021-D-167)

**MELVIN F.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elizabeth F.[1] ("Wife") appeals the Family Court of Marshall County's August 14, 2023, final divorce order which she asserts failed to incorporate the parties' stipulations regarding property allocation and child support, adopt her parenting plan, and award spousal support. Wife also asserts that the final divorce order included various mistakes and failed to properly consider all facts regarding her alleged adultery. Respondent Melvin F. ("Husband") agrees with two of Wife's assignments of error but otherwise is in support of the family court's order. The Bureau for Child Support Enforcement ("BCSE") filed a brief addressing only the child support issue.[2] Wife filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, reversed, in part, and remanded to the family court with directions as set forth herein.

The parties were married on March 24, 2007, and separated on October 29, 2021. Two minor children were born of the marriage, D.F. and J.F. Husband filed for divorce on November 22, 2021, alleging irreconcilable differences. A temporary hearing was held on

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Elizabeth F. is represented by Holli Massey Smith, Esq. Melvin F. is represented by Elgine Heceta McArdle, Esq. The Bureau for Child Support Enforcement is represented by Allison C. Ojeda, Esq.

March 14, 2022, and the temporary order was entered on April 4, 2022, which gave Husband exclusive use of the marital home and included a week-on/week-off parenting schedule between the parties with exchanges taking place every Friday.

The final hearing was held on January 31, 2023, wherein the parties agreed and stipulated to a marital property allocation summary, which allocated all assets and liabilities of the marital estate. As part of the allocation summary, the parties agreed to divide mineral rights royalties equally. Both parties submitted proposed findings of fact and conclusions of law, but the family court chose to adopt Husband's and incorporated them into the final divorce order, which was entered on August 14, 2023. Relevant to this appeal, the final order held the following:

1. Husband owes Wife $152,919.42 for her share of equitable distribution. Husband will refinance marital home and pay Wife $76,459.70. The remainder will be paid to Wife via QDRO from Husband's 401(k).
2. The most equitable way for Husband to pay Wife's share of equitable distribution is to refinance the marital home and pay Wife $76,459.70 from the refinance balance, which will allow access to immediate cash.
3. The parties will alternate parenting time with a week-on/week-off schedule, with exchanges every Friday at 4:00.
4. The children will spend equal time with parents during holidays, alternating times every other year.
5. Husband will pay wife $300 per month in child support; Husband will pay 69% and Wife will pay 31% of medical bills not covered by insurance.
6. Wife was denied spousal support for the following reasons: (1) she will receive over $150,000 in equitable distribution; (2) she purchased a home without assistance; (3) Husband will incur significant debt in equitable distribution; (4) Wife receives $300 per month in child support as well as rental income, and (5) Wife had an extramarital affair.

It is from the August 14, 2023, final divorce order that Wife now appeals.

For these matters, we apply the following standard of review:

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

2

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

As her first assignment of error, Wife asserts that the family court failed to adopt the parties' agreements and stipulations in three ways. First, Wife argues that the parties agreed that the equitable distribution equalizing payment would be reduced from $152,919.42 to $152,000.00. We find that this argument lacks merit, as Wife was not prejudiced by the family court's ruling on this issue, but, in fact, received more value. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Therefore, we affirm the family court's ruling on the parties' equalizing payment and find that any error made was harmless. Second, Wife argues that the parties agreed to equally divide all mineral rights (including payments for leases and royalties), but the agreement was not included in the final order. We agree. Not only does the property allocation summary reflect that the parties agreed to evenly split mineral rights, but Husband agrees with Wife's assertion. Lastly, regarding the income used to calculate child support, Husband, Wife, and the BCSE are in agreement that the family court erred in its child support calculation. Therefore, with regard to Wife's first assignment of error, we affirm the family court's ruling on the parties' equalized payment amount. We remand the issue of mineral rights to the family court because it was erroneously not included in the final order. With regard to the income used to calculate child support, we reverse and remand to the family court with instructions to recalculate child support using the agreed upon income values.

As her second assignment of error, Wife argues that the family court erroneously failed to set a deadline for Husband to refinance the marital home. We agree. The family court found that the most equitable method of paying Wife her share of equitable distribution was to refinance the marital home, which would allow Wife to have access to immediate cash. The record reflects that Husband received preapproval shortly after the December 9, 2022, order was entered and that the delay in getting the home refinanced was caused by Husband. Therefore, we remand to the family court with instructions to set a reasonable deadline by which Husband must complete the refinancing of the marital home and note that the family court is afforded wide discretion concerning structuring a refinancing for equitable distribution purposes. *See Vladimirov v. Vladimirov*, No. 18-0689, 2020 WL 201174 (W. Va. Jan. 13, 2020) (memorandum decision).

As her third assignment of error, Wife contends that the family court erred when it failed to adopt her parenting plan and failed to attach a copy of the West Virginia Supreme Court's required parenting plan form to the final order. We disagree. The family court's order states, "At trial Mother sought a mid-week overnight. Father testified that the children have become accustomed to the current plan of alternating weeks and that a mid-week

[overnight] was not necessary since both parties regularly attended the children's activities and saw them throughout the week . . . ." Accordingly, the family court held that "for consistency and stability, the parenting plan should remain on the same alternating week schedule. . . ." The Supreme Court has consistently held that the best interest of the child is the polar star by which all matters affecting children must be guided. *Galloway v. Galloway*, 224 W. Va. 272, 275, 685 S.E.2d 245, 248 (2009) (citations omitted). Here, the family court clearly considered the children's best interest in ruling that the parenting plan should not change. Therefore, we affirm the family court's ruling on the parties' parenting plan.

For her fourth assignment of error, Wife asserts that the family court did not award spousal support consistent with the factors outlined in West Virginia Code § 48-6-301(b) (2018)[3] in four ways. First, Wife states that the family court allocated fault to her even though Husband failed to meet his burden of proving adultery by clear and convincing evidence. Second, Wife states that the family court failed to consider Husband's condonation of the alleged adultery. Third, the family court found that Wife purchased a home without the need for Husband's financial assistance. Lastly, the family court found that Wife lives on a property that produces rental income sufficient to pay her mortgage. We find that Wife's argument regarding spousal support lacks merit.

West Virginia Code § 48-6-301(b)(20) states that the family court shall consider "[a]ny other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support . . . ." None of the twenty spousal support factors for consideration require clear and convincing proof. It is not necessary to prove fault (or adultery) by clear and convincing evidence when used as part of the twentieth spousal support factor. Additionally, the Supreme Court of Appeals has explained that as long as the family court fully considers the mandatory statutory factors contained in West Virginia Code § 48-6-301, and the award of spousal support is within the parameters of reasonableness, a reviewing court should not disturb the award on appeal. *Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d 282, 288 (2017). *See also In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Accordingly, as to the family court's order entered on August 14, 2023, we affirm the family court's ruling on the parties' $152,919.42 equalizing payment and find that any error made was harmless. We remand on the issue of mineral rights with instructions to issue an amended final order which correctly reflects the parties' agreement. With regards to child support, we reverse and remand with instructions to issue an amended final order which correctly reflects the parties' agreement. On the issue of the marital home refinance,

---

[3] West Virginia Code § 48-6-301(b) provides a list of twenty factors family courts must consider in awarding spousal support.

we remain to the family court with instructions to set a reasonable deadline by which Husband must complete the refinancing process. We affirm the family court's parenting plan ruling. Lastly, we affirm the family court's decision regarding spousal support.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear